JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

*Does this action include a motion for temporary restraining order or order to show cause? Yes___ No___*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*CIVIL RIGHTS*
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

*PRISONER PETITIONS*

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
, 49 USC 44902

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD
*Adam Glassman*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

monetary damages sought are in excess of $150,000, exclusive of interest and costs,

the complaint seeks injunctive relief,

the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?           Yes           No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?           Yes           No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?           Yes           No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:_____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____Yes_____No_____
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

Yes           No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

Yes    (If yes, please explain           No

I certify the accuracy of all information provided above.

**Signature**: *Adam Glassman*_____

Last Modified: 11/27/2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   Case No.: 1:22-cv-00386
BORIS ABAYEV and REGINA ABAYEVA,

                          Plaintiffs,   **COMPLAINT**
   - against -

AMERICAN AIRLINES, INC.,

                                               **JURY TRIAL**
                        Defendant.   **DEMANDED**
-------------------------------------------------------------X

      Plaintiffs, BORIS ABAYEV and REGINA ABAYEVA, by their attorneys, THE LAW OFFICE OF ADAM D. GLASSMAN, P.C., as and for their Complaint, which is based upon their personal knowledge with respect to their own circumstances, and based upon information and belief pursuant to the investigation of their counsel as to all other allegations, bring this civil rights action pursuant to, *inter alia*, 42 U.S.C. §1981, 2000(d), and 49 U.S.C. § 44902, against Defendant, AMERICAN AIRLINES, INC., for discrimination that relates to the Abayevs' ancestry, country of origin, and ethnic characteristics, for denial of freedom and equality, for embarrassment, humiliation, for disparaging treatment, for negligence and for intentional infliction of emotional distress, state and allege as follows:

### PARTIES

1. Plaintiffs, BORIS ABAYEV and REGINA ABAYEVA, are both natural persons who are and have been, at all relevant times, residents of New York State.

2. Plaintiffs, BORIS ABAYEV and REGINA ABAYEVA, are both natural persons who are and have been, at all relevant times, citizens of the United States of America.

3. Plaintiffs, BORIS ABAYEV and REGINA ABAYEV were both born in Tajikistan.

4. Defendant, AMERICAN AIRLINES, INC., is a Delaware corporation with its principal place of business located at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155.

5. Defendant, AMERICAN AIRLINES, INC., is a foreign corporation duly authorized to conduct business in the State of New York.

6. Defendant, AMERICAN AIRLINES, INC., has designated its service of process address in the State of New York as c/o American Airlines, Inc., 28 Liberty Street, New York, NY 10005.

## JURISDICTION

7. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C § 1331, 1333, as the claims averred herein arise out of civil and constitutional rights violations arising under the Civil Rights Act of 1991, 42 U.S.C. § 1981 and 42 U.S.C. § 2000(d), which prohibits discrimination based upon, *inter alia*, ancestry, country of origin, and ethnic characteristics.

8. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiffs and the Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 excluding interest and costs.

9. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims of discrimination because of the Abayevs' ancestry, and ethnic characteristics because Plaintiffs claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution - American Airline's discrimination against Plaintiffs in

2

removing BORIS ABAYEV from an American Airlines flight, and verbally accosting, berating, embarrassing, and humiliating REGINA ABAYEV aboard that same flight, though she was not removed therefrom.

### VENUE

10. Venue is proper in this district pursuant to 28 U.S.C. §139l(b)(l), (c)(2), since defendant American Airlines, Inc., resides in this district, conducts business in this district, is a foreign corporation authorized to conduct business in the State of New York, and is otherwise subject to personal jurisdiction in this district.

### CONDITIONS PRECEDENT

11. All conditions precedent to the institution of this lawsuit have been performed or have occurred.

### STATEMENT OF FACTS

12. On January 2, 2021, Plaintiff, BORIS ABAYEV, his daughter, co-Plaintiff, REGINA ABAYEVA, his wife, Svetlana Uvaydova, and his other daughter, Karina Abayeva, were subjected to discriminatory treatment by American Airline employees in violation of federal anti-bias laws. On that date, the Abayevs were passengers aboard an American Airlines Inc.'s flight from Phoenix to New York.

13. According to Mr. Abayev, "On January 2, 2021, my family and I were travelling back home from visiting our family in Phoenix, Arizona. We were flying with American Airlines, and it was a terrible experience. As the plane was ready to take off, the flight attendants were doing a final cabin check. As one of the male flight attendants was

3

walking around the plane, I pulled down my mask ever so slightly to take my diabetes pills with some water that had been given to me by the flight crew upon my entering the plane. A male flight attendant saw that I was about to drink my water and he immediately started yelling at me to put my mask back on. I told him nicely that I needed to take my pills and would pull my mask up immediately after taking such pills. However, the flight attendant did not care. Instead, he started screaming and yelling at me and began clapping his hands in my face, saying that I am off the flight. While he was clapping his hands in my face, he hit my hand, which caused my pills to be knocked out of my hand. Next, American Airlines turned the plane around and insisted that I immediately get off of the plane without my family. I felt humiliated, embarrassed, disrespected, and shocked by such offensive treatment. As I was escorted out of the plane, my daughter Regina started crying and becoming faint. It was at this time that the male flight attendant said that if she did not shut her mouth, she, too, would be thrown off of the flight. Ultimately, my wife and daughters remained on the flight without me. Upon being removed from the airplane, I was escorted out of the terminal and advised that I was being blacklisted from flying with American Airlines ever again. Prior to this incident, I noticed the male flight attendant staring at me and my family while we were conversing in Russian. While we were doing so, I notice the male flight attendant sneer and make faces at us. It was quite clear that he was doing this because we were speaking Russian. It was within moments after seeing him do this that I pulled my mask down slightly to take my diabetes medication. It is clear to me that the flight attendant treated me so abusively because he heard me speaking Russian and wished to inflict harm upon me due to my ancestry, ethnicity, and place of origin.

4

14. Despite BORIS ABAVEY's pleas and requests to allow him to re-board, he was not permitted to re-enter the aircraft.

15. As a direct and proximate result of the Defendant's discriminatory conduct vis-à-vis the actions of its employee, BORIS ABAYEV was caused to stay an additional night in Phoenix at additional expense.

16. As a direct and proximate result of the Defendant's discriminatory conduct vis-à-vis the actions of its employee, BORIS ABAYEV was caused to miss an important meeting in New York, thereby giving rise to his accrual of a compensatory loss on account of a missed business opportunity,

17. Thereafter, on June 16, 2021, BORIS ABAYEV booked passage on flight 4364 with Jet Blue Airlines.

18. That due to Jet Blue Airlines' codeshare partnership with American Airlines, BORIS ABAYEV's flight was caused to be operated by American Airlines.

19. That because BORIS ABAYEV was permanently blacklisted from flying with American Airlines by American Airlines in January 2021, he was barred from flight 4364.

20. That as a result thereof, BORIS ABAYEV endured humiliation, embarrassment, and emotional distress.

21. That such humiliation, embarrassment, and emotional distress was caused directly and proximately by American Airlines' discriminatory conduct as and against

5

BORIS ABAYEV on January 2, 2021.

22. That as a result thereof, BORIS ABAYEV was caused to incur additional expense as a result of having to alter his travel arrangements.

23. According to REGINA ABAYEVA, "On January 2, 2021, my family and I were going back home from visiting our family in Phoenix, Arizona. We were flying with American Airlines, and it was the most traumatizing experience I have ever been through. As the plane was getting ready to take off, my father, BORIS ABAYEV, was about to take his diabetes medication. At that time, a male flight attendant started yelling at him to put on his mask. My father calmly explained that he was a diabetic and that he had to drink his water in order to take his medications. The flight attendant publicly humiliated my father by yelling at him and clapping his hands in my father's face to the point where he hit my dad's hand, which caused the pills to go flying. The flight attendant then had the plane stopped and returned to the gate, at which point, my father was kicked off of the plane. At a certain point, when the flight attendant was approaching my dad in order to direct him off of the plane, I nicely told the flight attendant that my father had to pull his mask down slightly in order to take his medication, and there so there was no need to kick him off the plane. The flight attendant told me to shut up and cursed at me. He then threatened to kick me off the plane. After this incident, I started to feel very dizzy, and I needed medical assistance because I felt like I was going to faint. My experience with American Airlines was horrendous. No family should ever have to go through what we did. It bears noting that my father received the water from the flight crew upon his entry to the plane. My family and I were truly embarrassed, and people

6

were laughing at us. The flight attendant was extraordinarily unprofessional, and he should be ashamed of this himself, especially the way he spoke to me, a 19-year-old girl, who simply wanted to get home safely. My experience was traumatic. Prior to this incident, I noticed the male flight attendant staring at me and my family while we were conversing in Russian. While we were doing so, I notice the male flight attendant sneer and make faces at us. It was quite clear that he was doing this because we were speaking Russian. It was within moments after seeing him do this that my dad pulled his mask down slightly to take his diabetes medication. It is clear to me that the flight attendant treated us so abusively because he heard us speaking Russian and wished to inflict harm upon us due to our ancestry, ethnicity and place of origin."

24. As a result of the conduct of the aforementioned male flight attendant, BORIS ABAYEV and REGINA ABAYEVA, were deeply humiliated, embarrassed, and disrespected.

25. The Abayevs were being discriminated against because of ancestry, ethnicity, and place of origin.

26. BORIS ABAYEV was wrongfully denied passage and removed from the subject aircraft, battered, assaulted, humiliated, and degraded, all while the remaining passengers on the plane watched and jeered him.

27. REGINA ABAYEV was wrongfully assaulted, threatened, humiliated, and degraded, all while the remaining passengers on the plane watched and jeered her.

28. The Abayevs were the victims of the intentional infliction of emotional distress

7

perpetrated by the aforesaid male flight attendant.

29. It is evident from the above recited facts that the Abayevs were profiled and targeted by American Airlines based upon their ancestry, ethnicity, and perceived status as foreigners by the aforesaid flight attendant.

30. But for his ancestry, ethnicity and place of origin, American Airlines would not have, *inter alia*, battered BORIS ABAYEV and removed BORIS ABAYEV from the flight, and intentionally inflicted emotional distress upon him.

31. But for her ancestry, ethnicity and place of origin, American Airlines would not have, *inter alia*, assaulted, threatened, and intentionally inflicted emotion distress upon REGINA ABAYEVA.

32. That as a result of the intentional, wrongful, and otherwise despicable conduct of American Airlines, Plaintiff, BORIS ABAYEV, was deprived of the ability to travel on two contracted flights, one on January 2, 2021, and the other on June 16, 2021.

33. Such conduct on the part of American Airlines deprived BORIS ABAYEV of his contractual right to fly based on his purchased tickets with American Airlines, and Jet Blue Airlines, respectively.

34. The Abayevs were seriously inconvenienced, treated like criminals, humiliated, insulted, defamed, and as a result thereof, BORIS ABAYEV missed appointments, incurred incidental expenses, and suffered trauma and emotional distress.

35. Upon information and belief, Defendant did not observe any suspicious or concerning activity and cannot claim FAA Permissive refusal authority under section 44902(b).

36. At no time did the Airline believe or decide that Plaintiffs were or might be inimical to safety.

37. There were no facts supporting the notion that the Abayevs posed a threat of any kind, whatsoever.

38. The above referenced flight attendant simply observed the Abayevs speaking Russian, wrongly and disturbingly surmised that they were foreigners and "un-American," and upon seeing BORIS ABAYEV adjust his mask slightly in order to take prescribed diabetes medication with water provided to him by an American Airlines flight attendant upon his entry onto the plane, used same as a justification to subject BORIS ABAYEV to disparate and unequal treatment.

39. Defendant wrongfully singled out the Abayev because of their ancestry, country of origin, and ethnic characteristics and punished them publicly because he did not want them on the plane.

40. Plaintiffs contend that Defendant, through its agents, intentionally discriminated against the Abayevs on the basis of their race, religion, ancestry, and ethnic characteristics and prevented BORIS ABAYEV from enforcing his contract with American Airlines on multiple occasions.

41. Defendant's intentional discrimination against Plaintiffs resulted in Plaintiffs being denied equal rights and benefits, and further cause them exclusion and the

9

denial of their freedoms and equality.

42. That the Abayevs were the victims of a violation of their civil rights, negligence, battery, assault, intentional infliction of emotional distress, unbearable humiliation, mental anguish, and unjust treatment.

43. The Abayevs suffered and will continue in the future to suffer trauma, stigmatization, severe mental and emotional distress, depression, despair, embarrassment, public humiliation, anxiety, fear, and apprehension associated with airports and flying.

44. **CAUSE(S) OF ACTION**

**I. Discrimination And Denial of Equal Rights Under the Law - 42 U.S.C § 1981**

45. Plaintiffs hereby re-plead, re-allege, and incorporate all previous allegations of this Complaint, as if fully set forth herein.

46. Plaintiffs are members of an ethnic minority – Russian speaking emigrees from Tajikistan.

47. At all times relevant hereto, Plaintiffs, despite their ancestry, ethnicity, and culture, they had the same civil rights and were to be treated equally in making and enforcing contracts and to be subject to the same punishments, pains, penalties, as "white citizens," pursuant to 42 U.S.C. § 1981.

48. Therefore when Plaintiffs contracted with American Airlines, a commercial air carrier engaged in air transportation services for passage from Phoenix to New York, Plaintiffs had equal rights of performance, benefits, privileges, terms, and conditions

of the contracts entered into. Plaintiffs had the rights to be treated equally and, in a manner, free from discrimination.

49. The Abayevs rights were violated when they were denied equal treatment in making and enforcing their contract with American Airlines, and were not subject to the same punishments, pains, penalties, and exclusions.

50. Defendant intentionally, purposefully and maliciously discriminated against Plaintiffs based on their ancestry, ethnicity, and country of origin, when by and through American Airline's employees and agents, they were mistreated on a contracted flight of January 2, 2021 for no wrong but for flying while speaking Russian and in addition for BORIS ABAYEV having the gall to slightly move his mask in order to take prescribed diabetes medication with the water he was given by an American Airlines flight attendant upon his entry to the subject airplane.

51. Defendant is liable for the ethnically charged discriminatory conduct and actions of its agents and employees. American Airlines had no legitimate reason or justification to treat the Abayevs in such a paltry manner, including, but not limited to, removing BORIS ABAYEV from a contracted flight.

II. **Discrimination and Denial of Equal Rights Under the Law 42 U.S.C. § 2000(d)**

52. Plaintiffs hereby re-plead, re-allege, and incorporate all previous allegations of this Complaint, as fully set forth herein.

53. At all times relevant hereto, Plaintiffs had the right to participate and enjoy the benefits of federally assisted programs and not be excluded or discriminated against based upon their

11

ethnicity and national origin pursuant to 42 U.S.SC. § 2000(d).

54. At all times relevant hereto, American Airlines was and is a commercial air carrier receiving federal assistance as it operates according to the rules and regulations of the Federal Aviation Agency and the Department of Transportation, Department of Homeland security, and works in compliance with various other federal agencies.

55. American Airlines receives federal funds via federal subsidies and therefore is subject to 42 U.S.C. § 2000(d).

56. Defendant through and by the actions of its agents and employees violated 42 U.S.C. § 2000(d) when it deprived Plaintiffs the participation and benefits of this program.

### III. Violation of 49 USC § 44902

57. Plaintiffs hereby re-plead, re-allege, and incorporate all previous allegations of this Complaint, as if fully set forth herein.

58. Defendant's acts against the Plaintiffs were solely motivated by hostility and animus towards them because of their ancestry, ethnicity, and country of origin.

59. Such actions by the Defendant were arbitrary and capricious.

60. Such actions by the Defendant were unjustified, unreasonable, and it was discriminatory.

61. Defendant's exclusion of BORIS ABAYEV from its flight on January 2, 2021, as well as June 16, 2021, violated the relevant provision of the Airline Deregulation Act according to Section 44902.

62. As a result, Plaintiffs have suffered emotional damages that includes pain, suffering, unimaginable humiliation, distress, and mental anguish.

### IV.     Negligence

63. Plaintiffs hereby re-plead, re-alleges, and incorporate all previous allegations of this Complaint, as if fully set forth herein.

64. American Airlines is a commercial airline in the business of providing air transportation to passengers and as such, is a common carrier bound by a heightened duty of care to its passengers. Plaintiffs were equally owed this duty of care as a paying, ticketed, and seated passengers of American Airlines.

65. American Airlines ethnically discriminated against Plaintiffs and acted negligently, breaching its duty of care to Plaintiffs in the following ways:
    a. failing to act reasonably in providing a safe travel environment free from hostility and discrimination based upon their ethnicity;
    b. failing to act with the highest care and vigilance of a cautious person in providing a safe travel environment free from hostility and discrimination based upon their ethnicity;
    c. failing to establish proper and effective protocols and procedures that were completely unreasonable and caused the above referenced incident to occur;
    d. failing to honor contractual relationships;
    e. failing to treat the Plaintiffs the same way as other passengers due to their ancestry, ethnicity, and place of origin; and
    f. failing to reasonably avoid harm to passengers.

### V.     Battery

66. Plaintiffs hereby re-plead, re-allege, and incorporate all previous allegations of this Complaint, as if fully set forth herein.

67. The aforementioned male flight attendant did inflict upon BORIS ABAYEV, an

offensive bodily contact.

68. That such offensive bodily contact constituted a battery.

69. That as a result of such battery, BORIS ABAYEV, was caused to suffer humiliation, embarrassment, anguish, and fear.

70. That as a result of such battery, BORIS ABAYEV, is entitled to an award of compensatory damages.

71. That as a result of such battery, BORIS ABAYEV, is entitled to an award of punitive damages.

### VI.     Assault

72. Plaintiffs hereby re-plead, re-allege, and incorporate all previous allegations of this Complaint, as if fully set forth herein.

73. The aforementioned male flight attendant did threat REGINA ABAYEVA and directed her to shut up.

74. That such conduct caused her to fear, *inter alia*, that she would be battered by such male flight attendant.

75. That such conduct constituted an assault upon REGINA ABAYEV.

76. That as a result of such assault, REGINA ABAYEVA, was caused to suffer humiliation, embarrassment, anguish, and fear.

77. That as a result of such assault, REGINA ABAYEVA, is entitled to an award of compensatory damages.

78. That as a result of such assault, REGINA ABAYEVA, is entitled to an award of punitive damages.

### VII. Intentional Infliction of Emotional Distress

79. Plaintiffs hereby re-plead, re-allege, and incorporate all previous allegations of this Complaint, as if fully set forth herein.

80. The actions of Defendant and its employees and agents herein was arbitrary and capricious.

81. Defendant's conduct was precipitated solely by the Abayevs ancestry, ethnicity, and place of origin.

82. Defendant's conduct was beyond the bounds of decency and decorum.

83. Defendant intentionally and/or recklessly mistreated the Plaintiffs and caused them to suffer depression, anxiety, and humiliation.

84. Defendant's conduct was extreme and outrageous.

85. Defendant's conduct directly and proximately caused Plaintiffs' severe emotional distress.

86. As a result thereof, the Plaintiffs are entitled to an award of compensatory damages.

87. As a result thereof, the Plaintiffs are entitled to an award of punitive damages.

### VIII. Punitive Damages

88. Plaintiffs hereby re-plead, re-allege, and incorporate all previous allegations of this Complaint, as if fully set forth herein.

89. Plaintiffs suffered nasty, discriminatory, and ethnically charged conduct by Defendant.

90. Defendant acted intentionally, purposefully, and maliciously in discriminating against Plaintiffs because of their ancestry, ethnicity, and place of origin.

91. Plaintiffs were singled out as persons not wanted on the aircraft because of their ancestry, ethnicity, ad place of origin.

92. Defendant's actions caused the Plaintiffs unbearable humiliation, embarrassment, and mental and emotional anguish.

93. Defendant's acts were oppressive, despicable, and in conscious disregard of the civil rights of Plaintiffs thereby warranting an award for punitive damages against Defendant to punish and make an example of them.

94. Defendant's egregious acts of discrimination against Plaintiffs was willful and so deserving of the imposition of punitive damages in an amount to be determined by the jury to deter future acts of discrimination and humiliation by Defendant and to punish Defendant for discriminatory conduct against Plaintiffs.

### IX.    Attorney's Fees

95. Plaintiffs hereby re-plead, re-allege, and incorporate all previous allegations of this Complaint, as if fully set forth herein.

96. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this, as the Court deems equitable and just, as provided by 42 U.S.C. § 1988(b).

## JURY DEMAND

97. Plaintiffs hereby demand jury trial on all issues, claims, actions, and defenses in this case.

## PRAYER

98. Wherefore, Plaintiffs request that Defendant be summoned to appear and answer and that on final trial, judgment be granted against defendant, awarding Plaintiffs the following:

    a. Actual damages in the sum of $5,000,000.00 each.

    b. Compensatory damages including damages for emotional distress and humiliation and irreversible defacement of the Abayev name, in the sum of $5,000,000.00 each.

    c. Punitive damages, in the sum of $15,000,000.00 each.

    d. Pre and post judgment interest, in the maximum amount allowed by law,

    e. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiffs as stated in 42 U.S.C. § 1988,

    f. All reasonable and necessary costs incurred in pursuit of this suit, and

    g. Such other and further legal and equitable relief to which plaintiffs may be justly entitled.

    h. Exemplary damages in an amount commensurate with defendant's ability and so as to defer future malicious, reckless and or intentional

discriminatory conduct.

Dated: Lloyd Harbor, NY
January 23, 2022

Respectfully submitted,

_____
THE LAW OFFICE OF ADAM D. GLASSMAN, PC
By: Adam D. Glassman, Esq. (AG 9397)
Attorney for the Plaintiffs
BORIS ABAYEV and REGINA ABAYEVA
12 East Huxley Drive
Lloyd Harbor, NY 11743
(516) 778-1300 telephone
(516) 908-3746 fax
adam@theglg.com email